UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTONIO P. RAMOS<br>　　　　Plaintiff,<br><br>v.<br><br>JRZ RESTAURANT, INC.  JMRSS RESTAURANT, INC., GIUSEPPE ARCARI,<br>　　　　Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT AND JURY DEMAND**

**INTRODUCTION**

1. This is action for declaratory relief and monetary damages brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. Section 201, et seq. ("FLSA") and Massachusetts General Laws c. 149 Sections 148 and 150, for the recovery of unpaid wages and overtime pay as well as liquidated damages under the FLSA, treble damages pursuant to M.G.L. c. 149 Section 150, reasonable attorney's fees, interest and costs.

2. Plaintiff, Antonio Ramos, brings this action to recover unpaid wages and overtime wages for work he performed as a dishwasher, kitchen helper and cleaner for the defendants from January 1, 2008 through April 2010 at the defendants' affiliated restaurants located in Newton, Massachusetts and Cambridge, Massachusetts.

**PARTIES**

3. The plaintiff is an individual who resides in Framingham, County of Middlesex, Commonwealth of Massachusetts.

1

4. The defendant, JRZ Restaurant, Inc., is a Massachusetts Corporation with a principal place of business in Newton, Massachusetts. Upon information and belief, it owns and operates Union Street Restaurant at that location.

5. The defendant, JMRSS Restaurant, Inc., is a Massachusetts Corporation with a principal place of business in Cambridge, Massachusetts. Upon information and belief, it owns and operates Tavern in the Square (Central Square) and Tavern in the Square (Porter Square) at those locations.

6. Defendant, Giuseppe Arcari, is an individual residing Boston, County of Suffolk, Commonwealth of Massachusetts. Upon information and belief, he is the principal owner/director and corporate officer of the JRZ Restaurant, Inc. and JMRSS Restaurant, Inc. and is listed as same in filings with the Massachusetts Secretary of State. Mr. Arcari was at all times relevant to the complaint, the plaintiff's employer and an agent and officer of both JRZ Restaurant, Inc. and JMRSS Restaurant, Inc.

## JURISDICTION AND VENUE

7. Jurisdiction is based on this court's federal question jurisdiction under 28 U.S.C. Section 1331 and 29 U.S.C. Section 216(b) and its supplemental jurisdiction under 28 U.S.C. Section 1367.

8. Venue is proper under 28 U.S.C. Section 1391(b).

## FACTUAL BACKGROUND

9. Plaintiff began working for the defendants in May 2008 as a dishwasher earning $9.00 per hour.

10. Initially, the plaintiff worked at the defendants' location in Newton but over time, he worked at its Cambridge locations. In addition, plaintiff's duties expanded from washing dishes to cleaning the kitchen/restaurant afterhours.

11. From the start of his employment until his departure, plaintiff worked 6-7 days a week and worked more than 40 hours every work week. Frequently, plaintiff would work in excess of 80 hours per week.

12. Defendants did not pay plaintiff an overtime premium of time and ½ for all hours worked in excess of 40 per week, but his base rate of $9.00 per hour. (straight time).

13. Plaintiff was frequently not paid for all hours worked and consistently shortchanged hours in his paychecks. Plaintiff would complain to the Defendants' agents about the shortages of pay and was advised that they would "take care of it". Nothing however, was ever done to rectify the situation.

14. Upon information and belief, Plaintiff was not paid for the last several weeks while in the employ of the defendants.

15. Plaintiff has sought and received permission to maintain a private right of action from the Massachusetts Attorney General.

**COUNT I.**
**VIOLATION OF 29 U.S.C. SECTIONS 7 AND 207**
**NONPAYMENT OF OVERTIME**

16. Plaintiff restates and incorporates the allegations stated above.

17. Plaintiff is a "covered employee" within the meaning of the FLSA.

18. Defendants constitute a "covered employer" within the meaning of the FLSA and, in owning and operating the restaurants stated herein, constitute an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA.

19. Under Section 7 of the FLSA and 29 U.S.C. Section 207, any covered employee who works for an employer more than 40 hours in a work week must be paid one-and-a-half times his regular rate of pay for those hours over 40 hours.

20. Defendants willfully violated the FLSA by failing to pay Plaintiff one-and-a-half times his regular rate of pay for each hour he worked over 40 hours in a work week.

21. Plaintiff has been harmed, injured and incurred damages as a result of the Defendants' violations of the FLSA.

WHEREFORE, Plaintiff prays that this Court declare the acts complained of herein are in violation of the FLSA; award Plaintiff all unpaid overtime compensation, an equal amount as liquidated damages, plus costs, attorneys fees as provided by the FLSA.

## COUNT II.
## VIOLATION OF WAGE ACT, M.G.L. c. 149 SECTION 148
## NON-PAYMENT OF WAGES

22. Plaintiff repeats all previous allegations as though set forth herein.

23. Defendants were "employers" of the Plaintiff within the meaning of G.L. c. 149 Section 148.

24. Defendants have not paid the Plaintiff wages due and owing him within the time specified by G.L. c. 149 Section 148.

25. Specifically, Defendants were required to pay the Plaintiff for all hours worked including the last weeks of his work.

26. In addition, Defendants were required to pay Plaintiff for each hour worked over 40 hours in a work week at the rate of one-and-a-half times his regular rate of pay.

27. By failing to pay Plaintiff this additional rate for each hour worked over 40 hours in a week, Defendants have failed to pay all wages due and owing him and have violated M.G.L. c. 149 Section 148.

28. Pursuant to M.G.L. c. 149 Section 150, Defendants are liable to Plaintiff in the amount of three times the amount of such wages owed to the Plaintiff and other damages including costs and reasonable attorney's fees.

WHEREFORE, Plaintiff demands judgment in his favor against each Defendant in the amount of three times the amount such wages and damages owed as a result of the Defendants' failure to pay the Plaintiff's wages as well as attorney's fees and costs and prejudgment interest.

**JURY TRIAL DEMANDED**

The Plaintiff, Antonio Ramos,
By his attorney,

_____
James W. Simpson, Jr. BBO#634344
Law Offices of James Simpson, P.C.
100 Concord Street, Suite 3B
Framingham, MA 01702
(508) 872-0002